# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRETT SHANE FROEBER,**

                Plaintiff,

    v.                            Case No. 25-CV-309

**UNITED FEDERAL CREDIT UNION,**

                Defendant.

## DECISION AND ORDER

    Brett Shane Froeber filed a complaint on February 28, 2025, naming United Federal Credit Union as the defendant. (ECF No. 1.) The complaint advances the sorts of claims and arguments that courts have generally placed under the broad heading of sovereign citizen ideology.

    As is common in such actions, the plaintiff, who is proceeding without counsel, asserts that there is a distinction between "Brett Shane Froeber." "BRETT SHANE FROEBER" "Brett-Shane: Froeber", and "Brett-Shane: of the family Froeber." He opens his complaint as follows:

> 1.    COMES NOW. person, BRETT SHANE FROEBER, the Real Party in Interest, presented by man :Brett-Shane: of the family Froeber, appearing by special appearance only, in propria persona, sui juris, as the authorized agent and injured Third-Party Intervener. For the record, I, :Brett-Shane: Froeber, a living man of majority status, am a natural-born State Citizen of Wisconsin, in its constitutional capacity as a republic and one of the several States of the Union, and I am not a

> "United States" citizen as defined in 28 U.S.C. § 3002(15), nor a legal entity subject to statutory jurisdiction.
>
> 2. I, :Brett-Shane: Froeber, as the Executor and Beneficiary of the Estate/Trust of BRETT SHANE FROEBER; retain principal and beneficial equitable title and hold full Power-of-Attorney on behalf of the legal person, BRETT SHANE FROEBER (hereafter, Plaintiff BRETT FROEBER) a corporate entity recognized under United States law.

(ECF No. 1, ¶¶ 1-2.)

If the court was persuaded that Froeber was actually representing someone (or something) other than himself, it would mean the court would be required to dismiss his case (unless those other persons or entities retained counsel). A non-lawyer can represent only himself. *See* 28 U.S.C. § 1654; *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008); *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001). But because Froeber's arguments that the plaintiff is anyone other than himself appear frivolous, the court will not require him to retain counsel.

Nonetheless, the court can act only if it has personal jurisdiction over the parties. *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). United Federal has moved to dismiss for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2); (ECF No. 8). Froeber responded (ECF No. 11) and United Federal replied (ECF No. 12).

Froeber then submitted what he captioned, "Plaintiff's Motion to Strike Improper Assertions Pursuant to Fed. R. Civ. P. 12(f) and Civil L.R. 7(c)." (ECF No. 13.) Rule 12(f) applies to pleadings; it has no relevance to a motion to dismiss, a brief in support, or a declaration. *See* Fed. R. Civ. P. 7(a) (defining pleadings). Civil Local Rule 7(c) is likewise inapplicable. Having reviewed the motion, the court finds no

basis on which it can grant relief, and it therefore will deny the motion. Substantively, this motion reads more like a sur-reply. Insofar as the motion stands as a sur-reply, it is disregarded as improper because the document does not include any new and material information that could not have been raised by Froeber in response.

As to the question of personal jurisdiction, unless the plaintiff presents a claim under a federal statute that includes a special personal jurisdiction provision, the court looks to the law of its forum state to determine if it has personal jurisdiction over a defendant. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014) (citing Fed. R. Civ. P. 4(k)(1)(A); *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014)).

Froeber refers to a wide variety of federal laws in his complaint, but the titles he employs for the counts in his complaint tend to reflect common law actions (insofar as they reflect cognizable claims at all). (ECF No. 1 at 23-30.) In response to United Federal's motion to dismiss, Froeber's argument is terse: "Personal jurisdiction exists under well-established minimum contacts standards because UFCU knowingly collected and processed Plaintiff's Wisconsin-based identity credentials (SSN, address, credit history) as part of a federally regulated consumer credit transaction, thereby initiating a relationship that caused actionable harm in this District. See 28 U.S.C. § 1391(b)(2)." (ECF No. 11 at 4.)

The statute that Froeber cites, 28 U.S.C. § 1391(b)(2), relates to venue, which is distinct from personal jurisdiction. Thus, Froeber has not presented any argument

3

that a federal statute affords the court personal jurisdiction over United Federal, and the court looks to Wisconsin's long arm statute. *See* Wis. Stat. § 801.05.

Wisconsin's long arm statute is construed liberally in favor of jurisdiction "to the fullest extent allowed under the due process clause." *Felland v. Clifton*, 682 F.3d 665, 678 (7th Cir. 2012) (quoting *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1217 (7th Cir. 1990)). The result is that the statutory and constitutional analyses tend to merge. *Id.*

"For a court to exercise personal jurisdiction over an out-of-state defendant, the key issue for constitutional purposes is whether the defendant has sufficient 'minimum contacts' with the forum state such that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Felland*, 682 F.3d at 672-73 (quoting *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010) (internal quotation marks omitted)); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ("[T]he foreseeability that is critical to due process analysis … is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."). This does not require that the defendant physically enter the forum state. *Tamburo*, 601 F.3d at 701. But the defendant's connection to the forum state must encompass more than "'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Personal jurisdiction may be general or specific. General personal jurisdiction allows a defendant to be sued in the forum state for all claims. A defendant must have

an "extensive and pervasive" presence through, for example, "continuous and systematic" contacts with the forum state. *Tamburo*, 601 F.3d at 701 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); citing *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 & n. 16 (7th Cir. 2003)).

"Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo*, 601 F.3d at 702.

"Once a defendant has moved for a dismissal based on the lack of personal jurisdiction, 'the plaintiff bears the burden of demonstrating the existence of jurisdiction.'" *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 697 (7th Cir. 2015) (quoting *Purdue Research Found.*, 338 F.3d at 782). When the court decides the motion based on the written record and without an evidentiary hearing the court resolves any factual disputes in the plaintiff's favor and the plaintiff's burden is to merely make a prima facie showing of jurisdiction. *Tamburo*, 601 F.3d at 700.

As noted, Froeber's response is terse. He asserts that the court has jurisdiction because United Federal did business with a Wisconsin citizen.

Froeber became a United Federal member in 2012, at which time he provided an address in Nevada. (ECF No. 10-2.) The relevant relationship between Froeber and United Federal arose from a loan transaction related to the purchase of property in Colorado. The transaction was consummated in Colorado. United Federal is based

5
Case 1:25-cv-00309-BBC    Filed 08/04/25    Page 5 of 8    Document 15

in Michigan and has no branches or ATMs in Wisconsin. (ECF No. 10, ¶¶ 4-5.) Nor does it accept membership applications from Wisconsin residents. (ECF No. 10, ¶ 7.) Although it has originated 19 loans for real property in Wisconsin, those loans represent less than 0.1% of all its loans. (ECF No. 10, ¶ 8.) These sorts of contacts fall well short of continuous and systematic contacts necessary to establish general personal jurisdiction.

Froeber's allegations are likewise insufficient to establish specific personal jurisdiction. It was only because of the fortuity of Froeber living in Wisconsin that a dispute arising from his purchase of property in Colorado, financed by a credit union from Michigan, has any association with this state.

The only conduct that Froeber alleges United Federal directed towards Wisconsin are its efforts to collect on the debt, which Froeber appears to allege violated the Fair Debt Collection Practices Act (FDCPA). The court is reluctant to go beyond the plaintiff's specific arguments; arguments not raised in response to a motion are generally forfeited. Nonetheless, insofar as the argument might not be forfeited the court notes that unlawful debt collection activity directed at a debtor in a state may be a sufficient basis to subject a debt collector to specific personal jurisdiction in that state. *See Vlasak v. Rapid Collection Sys.*, 962 F. Supp. 1096, 1102 (N.D. Ill. 1997).

Froeber, however, has failed to allege a plausible claim under the FDCPA. *See* Fed. R. Civ. P. 12(b)(6). His purported FDCPA claim arises from his allegations that

he "issued three (3) notarized Debt Validation Notices pursuant to the Fair Debt Collection Practices (FDCPA), 15 U.S.C. § 1692g requesting:

- Proof of the alleged debt obligation and ownership records.
- A complete chain of title establishing a valid ownership interest.
- A certified copy of the original, wet-ink signed promissory note." (ECF No. 1, ¶ 34.)

Froeber's complains that United Federal did not provide him with what he demanded. A preliminary issue is that the term "Debt Validation Notice" refers to a notice that a creditor, not a debtor, issues. *See* 12 C.F.R. § 1006.34. In light of his citation to 15 U.S.C. § 1692g, which addresses a consumer's right to dispute a debt, the court is inclined to look past Froeber's characterization and conclude that he meant to allege that he was simply disputing the debt. However, nothing in the letters he submitted to United Federal could be interpreted as a dispute. (ECF No. 1-3 at 46-83.) To the contrary, Froeber's letters stated, "This Notice *does not constitute a dispute or refusal; it merely seeks validation of your claim*." (ECF No. 1-3 at 50, 60 (emphasis added).) In sum, Froeber was not entitled to what he demanded, and consequently United Federal's failure to provide the information he requested could not have violated the FDCPA. Froeber lacks a plausible FDCPA claim, and therefore the fact that United Federal sought payment from a debtor that happened to live in Wisconsin cannot provide a basis for this court to have personal jurisdiction over United Federal.

Because Froeber has not made a prima facie showing that United Federal has sufficient minimum contacts with Wisconsin to afford the court with personal jurisdiction

**IT IS THEREFORE ORDERED** that United Federal Credit Union's motion to dismiss (ECF No. 8) is **granted** pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Froeber's motion to strike (ECF No. 13) is **denied**.

**IT IS FURTHER ORDERED** that United Federal Credit Union's motion to strike (ECF No. 14) is **denied**.

Dated at Green Bay, Wisconsin this 4th day of August, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge